UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTIMA H. THOMPSON, on behalf of herself
and all others similarly situated,

                        Plaintiff,

      -against-

UNIFUND CCR PARTNERS

                        Defendant.
------------------------------------------------------------x

CLASS ACTION COMPLAINT

08 CIV. 1565

JUDGE KARAS



      Plaintiff, by and through her undersigned attorney, alleges upon knowledge to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following.

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from Defendant's violation of § 1692 of Title 15 of the United States Code, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive deceptive and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## **PARTIES**

4. Plaintiff Antima H. Thompson (hereinafter "Thompson") is a resident of the State of New York, Bronx County. On or about October 30, 2007, plaintiff received a debt collection notice from the defendant at plaintiff's home address. **Exhibit A**.

5. Defendant Unifund CCR Partners is an Ohio General Partnership consisting of Credit Card Receivables Fund and ZB Limited Partners. Unifund CCR Partners is engaged in the business of collecting debt with a place of business located at 10625 Techwoods Circle, Cincinatti, Ohio 45242. Its New York City Department of Consumer Affairs debt collection agency license number is 1251678.

## **CLASS ACTION ALLEGATIONS**

6. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the defendant which are in violation of the FDCPA, as described in paragraphs numbered 15 through 17 of this complaint, as of the date of plaintiff's complaint. Excluded from the Class is the defendant herein and any person, firm, trust, corporation or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Unifund CCR Partners.

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violates various specific provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g(a)(2).

    b. Whether plaintiff and the Class have been injured by the defendant's conduct;

    c. Whether plaintiff and the class have sustained damages and are entitled to restitution as a result of the defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and the plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action Class members will continue to suffer losses of statutorily protected rights as well as monetary damages. If defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. On or about October 30, 2007, defendant sent a collection letter to plaintiff Thompson demanding payment of a debt. A copy of said letter is annexed hereto as **Exhibit A**.

16. The collection letter failed to identify the name the creditor to whom the debt is owed.

17.     Defendant in may instances violated the requirements of the FDCPA, in the following and other respects by failing to notify the consumer of the name of the creditor as mandated by 15 U.S.C. § 1692g(a)(2).

## CLASS ALLEGATIONS

18.     This action is brought on behalf of a class. The class includes all consumers who did not receive written notice containing the true name of the creditor to whom the debt is owed.

19.     The class period begins one year prior to the filing of this action.

20.     The class is so numerous that joinder of all members is impractical. Upon information and belief, there are several hundred class members. Plaintiff is complaining of standard form letters.

21.     There are questions of law common to the class, which questions predominate over any questions affecting only individual class members. The principle questions presented are whether defendant violated 15 U.S.C. § 1692g(a)(2).

22.     Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither plaintiff nor her counsel have any interests which might cause her not to vigorously pursue this claim.

23.     Plaintiff's claims are typical of he class, which all arise from the same operative facts and are based on the same legal theories.

24.     A class action is a superior method for the fair and efficient adjudication of the controversy.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

(a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative.

(b) Issue a preliminary and permanent injunction restraining defendants, its employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issue a declaratory Order requiring defendants to make corrective disclosures;

(d) Awarding plaintiff and the class statutory damages;

(e) Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

(f) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: February 14, 2008
Uniondale, New York

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RexCorp Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621
Facsimile (888) 522-1692

**Exhibit A**



PO Box 505
Linden MI 48451-0505
ADDRESS SERVICE REQUESTED

10/30/2007

#BWNKGZZ
#TY76EF9F42#   011-000002076018
Antima H Thompson
13 N Bleeker St
Apt 9
Mount Vernon NY  10550-1819

Unifund
10625 Techwoods Circle
Cincinnati OH  45242

000528-UNIF1011TY76EF9F42

Re: 5121079701245828 / SEARS NATIONAL BANK

Dear Antima H Thompson,

This letter is to inform you that Unifund currently owns or is servicing the above referenced account with a balance of $3935.51.  You may contact this office to address this matter by calling (888) 384-8134.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the debt, or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,
Unifund Customer Service

* See reverse side for important information regarding your rights.