**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ANTIMA H. THOMPSON, on behalf of herself and )
all others similarly situated )
                                    )
       Plaintiff )
                                    )
vs. )  Civil Action No.:  08-CV-01565
                                    )
UNIFUND CCR PARTNERS )
                                    )
       Defendant. )

---

### UNIFUND CCR PARTNERS' ANSWER TO CLASS ACTION COMPLAINT

Defendant UNIFUND CCR PARTNERS. ("Defendant") by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP answers the Class Action Complaint in this matter as follows:

### PRELIMINARY STATEMENT

1.    The allegations in Paragraph 1 are legal conclusions and an affirmative response is unnecessary.

### JURISDICTION AND VENUE

2.    The allegations in Paragraph 2 are legal conclusions and as such Defendant is not required to file a reply either admitting or denying these allegations.  The Defendant does not contest this Court's subject matter jurisdiction.

3.    The allegations in Paragraph 3 are legal conclusions and as such Defendant is not required to file a reply either admitting or denying these allegations.

## PARTIES

4.    Defendant denies possessing knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 4 of Plaintiff's Class Action Complaint except Defendant admits that it sent the debt collection notice contained in Exhibit A.

5.    Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Class Action Complaint except Defendant admits that Unifund CCR Partners is a New York general partnership whose principal place of business is 10625 Techwoods Circle, Cincinnati, Ohio, 45242. Defendant further admits that Credit Card Receivables Fund, Inc. and ZB, LP are the two general partners of Unifund CCR Partners.

## CLASS ACTION ALLEGATIONS

6.    The allegations contained in Paragraph 6 of Plaintiff's Class Action Complaint constitute a conclusion of law and as such Defendant is not required to file a reply either admitting or denying these allegations. To the extent that Paragraph 6 of Plaintiff's Class Action Complaint can be construed as alleging wrongful conduct on the part of the Defendant, it is expressly denied.

7.    The allegations contained in Paragraph 7 of Plaintiff's Class Action Complaint constitute a conclusion of law and as such Defendant is not required to file a reply either admitting or denying these allegations. To the extent that Paragraph 7 of Plaintiff's Class Action Complaint can be construed as alleging wrongful conduct on the part of the Defendant, it is expressly denied.

8.    The allegations contained in Paragraph 8 of Plaintiff's Class Action Complaint constitute a conclusion of law and as such Defendant is not required to file a reply either admitting or denying these allegations. To the extent that Paragraph 8 of Plaintiff's Class Action Complaint

can be construed as alleging wrongful conduct on the part of the Defendant, it is expressly denied.

9.    The allegations contained in Paragraph 9 of Plaintiff's Class Action Complaint constitute a conclusion of law and as such Defendant is not required to file a reply either admitting or denying these allegations. To the extent that Paragraph 9 of Plaintiff's Class Action Complaint can be construed as alleging wrongful conduct on the part of the Defendant, it is expressly denied.

10.    Defendant denies possessing knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 10 of Plaintiff's Class Action Complaint.

11.    Defendant denies possessing knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 11 of Plaintiff's Class Action Complaint, except admits that Plaintiff's counsel is competent in the prosecution of class action litigation.

12.    Defendant denies possessing knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 12 of Plaintiff's Class Action Complaint.

13.    Defendant denies possessing knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 13 of Plaintiff's Class Action Complaint. To the extent that Paragraph 13 of Plaintiff's Class Action Complaint can be construed as alleging wrongful conduct on the part of the Defendant, it is expressly denied.

14.    Defendant denies possessing knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 14 of Plaintiff's Class Action Complaint.

## STATEMENT OF FACTS

15.     Defendant denies possessing knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 15 of Plaintiff's Class Action Complaint except Defendant admits that it mailed a collection letter addressed to Plaintiff Thompson. The letter, which is annexed to Plaintiff's Class Action Complaint and the Court is respectfully referred to that document for a full and fair reading of its contents and any further response to Plaintiff's allegations regarding the contents of the letter is unnecessary.

16.     The letter, which is annexed to Plaintiff's Class Action Complaint speaks for itself and a response to Plaintiff's allegations regarding the contents of the letter is unnecessary. Notably, Plaintiff did not quote the entirety of the language in the letter. To the extent that Paragraph 16 of Plaintiff's Class Action Complaint can be construed as alleging wrongful conduct on the part of the Defendant, it is expressly denied.

17.     Defendant denies the allegations contained within Paragraph 17 of Plaintiff's Class Action Complaint.

## CLASS ALLEGATIONS

18.     The allegations contained in Paragraph 18 of Plaintiff's Class Action Complaint constitute a conclusion of law and as such Defendant is not required to file a reply either admitting or denying these allegations. To the extent that Paragraph 18 of Plaintiff's Class Action Complaint can be construed as alleging wrongful conduct on the part of the Defendant, it is expressly denied.

19.     The allegations contained in Paragraph 19 of Plaintiff's Class Action Complaint constitute a conclusion of law and as such Defendant is not required to file a reply either admitting or denying these allegations. To the extent that Paragraph 19 of Plaintiff's Class

Action Complaint can be construed as alleging wrongful conduct on the part of the Defendant, it is expressly denied.

20.    The allegations contained in Paragraph 20 of Plaintiff's Class Action Complaint constitute a conclusion of law and as such Defendant is not required to file a reply either admitting or denying these allegations.  To the extent that Paragraph 20 of Plaintiff's Class Action Complaint can be construed as alleging wrongful conduct on the part of the Defendant, it is expressly denied.

21.    The allegations contained in Paragraph 21 of Plaintiff's Class Action Complaint constitute a conclusion of law and as such Defendant is not required to file a reply either admitting or denying these allegations.  To the extent that Paragraph 21 of Plaintiff's Class Action Complaint can be construed as alleging wrongful conduct on the part of the Defendant, it is expressly denied.

22.    Defendant denies possessing knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 22 of Plaintiff's Class Action Complaint, except admits that Plaintiff's counsel is competent in the prosecution of class action litigation.

23.    The allegations contained in Paragraph 23 of Plaintiff's Class Action Complaint constitute a conclusion of law and as such Defendant is not required to file a reply either admitting or denying these allegations.  To the extent that Paragraph 23 of Plaintiff's Class Action Complaint can be construed as alleging wrongful conduct on the part of the Defendant, it is expressly denied.

24.    The allegations contained in Paragraph 24 of Plaintiff's Class Action Complaint constitute a conclusion of law and as such Defendant is not required to file a reply either admitting or denying these allegations.  To the extent that Paragraph 24 of Plaintiff's Class

Action Complaint can be construed as alleging wrongful conduct on the part of the Defendant, it is expressly denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

25.    Defendant is excused from liability under 15 U.S.C. §1692k(c) because it has implemented systems and procedures designed to comply with the Fair Debt Collection Practices Act. Any violation is excused because it resulted from a bona fide error notwithstanding the implementation of such procedures designed to avoid those errors.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26.    Plaintiff has brought his claim without conducting a good faith inquiry into the validity of his cause of action. Her claim has been brought in bad faith and without substantial justification.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

27.    Plaintiff's Class Action Complaint fails to state a cause of action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28.    Plaintiff's Class Action Complaint fails to satisfy the requirements of Fed. R. Civ. P. Rule 23 for the maintenance of a class action.

## AS AND FOR A FIRST COUNTERCLAIM

29.    To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Unifund, Unifund is entitled to a setoff in the amount Plaintiff owes Unifund on her unpaid account, including any recoverable interest and attorneys fees.

WHEREFORE Defendant requests that judgment be entered in its favor and that it be awarded the costs and attorneys fees incurred in its defense together with such other and further relief the Court shall deem just and proper.

Dated:     White Plains, New York
           March 25, 2008

                         Respectfully submitted,

           WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

           By: _____
                 Thomas A. Leghorn
                 Jay A. Wechsler
                 Attorneys for Defendant,
                 Unifund CCR Partners
                 3 Gannett Drive
                 White Plains, New York 10604-3407
                 (914) 323-7000
                 File No.: 07621.00230


TO:     Kleinman, LLC
        Attorneys for Plaintiff
        Abraham Kleinman, Esq.
        626 RexCorp Plaza
        Uniondale, New York 11556-0626
        (516) 522-2621

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                   ) SS.:

COUNTY OF WESTCHESTER  )

ADINA FICI being duly sworn, deposes and says: Deponent is not a party to the action, is over 18 years of age and resides in Westchester County.

On March 26, 2008, deponent served, the within ANSWER TO CLASS ACTION COMPLAINT the following attorneys in this action, at the addresses indicated below, which addresses have been designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

TO:    Kleinman, LLC
          Abraham Kleinman,Esq
          Attorneys for Plaintiff
          626 RexCorp Plaza
          Uniondale, New York 11556

_ADINA FICI_

ADINA FICI

Sworn to before me this
26th day of March, 2008.

**NICOLE INOCENCIO**
Notary Public, State of New York
**No.: 01IN4995148**
Qualified in Westchester County
Commission Expires:  **April 20, 2010**

1898222.1